IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             Case No. 09-1151-JTM

ONE PARCEL OF PROPERTY LOCATED
AT 201 N. WILSON, OBERLIN, KANSAS,
ALSO KNOWN AS: LOT SIX (6), BLOCK
SEVEN (7) SAPPA ADDITION TO THE
CITY OF OBERLIN, DECATUR COUNTY,
KANSAS, with all appurtenances,
improvements and attachments thereon,

    Defendant.

MEMORANDUM AND ORDER

In this foreclosure action against real property, the government has moved pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to strike the claim of Darrel Ferguson for his failure to comply with Rule G(5). (Dkt. 9). Ferguson has not directly responded to the government's motion, but has filed an independent Motion for Leave of Court for Court to Accept and Adjudicate Late Claim. (Dkt. 10). The government has not responded to Ferguson's motion.

The government filed this action on May 14, 2009. The following day, the Court issued a warrant for the property, and ordered the government to provide to all potential claimants notice of

the action and the procedure for filing a claim. The warrant stated that to avoid civil forfeiture of the defendant property, persons claiming an interest in the property were required to file a claim in this Court within 35 days of notice.

On May 21, 2009, ATF Special Agent Steven Gravatt personally served Darrel Ferguson with a notice package containing copies of the Complaint, the Warrant and a Notice of Forfeiture Action. The Notice of Forfeiture Action stated that a "claim shall be filed within 35 days of direct notice ... whichever is first notice to a particular claimant."

On July 27, 2009, Darrel Ferguson filed with the Court a claim to the defendant property. He had not previously asked the court for any extension of the filing deadline.

Ferguson states in his motion that at the time of service he was then held in the Harvey County Detention Facility, and subsequently transferred to another detention facility in Leavenworth, Kansas, that both facilities have deficient law libraries, that he has various physical impairments, and that the counsel appointed to defend him on his criminal charges has stated that his appointment does not include aiding him in resisting the present foreclosure.

Under Rule G(5), persons contesting a civil forfeiture must file a notice of claim no later than the date stated in the notice of potential forfeiture issued under Rule G(4)(b). Here, the notice gave any claimants 35 days from the date of their individual notice of this action to file a claim. The government stresses that any claim filed out of time is subject to a motion to strike for lack of statutory standing, and that the claimants must show strict compliance with the time prescribed. Rule G(8)(c)(i)(A); *United States v. One Parcel of Real Property Known as 16614 Cayuga Road*, 69 Fed.Appx. 915, 921 (10th Cir.2003)*; United States v. $48,000.00 U.S. Currency*, 2007 WL 1467158 (E.D.La.2007).

However, a district court may excuse a claimant's failure to strictly comply with Rule G(5) under certain circumstances. *See United States v. Twenty Seven (27) Assorted Firearms*, 2005 WL 2645010 (W.D.Tex.2005). Factors relevant to such an excuse include whether (1) the claimant, in good faith tried to file his claim on time; (2) the claimant was delayed by relying on misinformation from the government; (3) the claimant actively expended time and effort in pursuit of his interest; (4) the claimant was acting *pro se*; (5) the government itself failed to follow proper procedures; and (6) the excuse or extension would not prejudice the government. *Id*. at *3.[1] The final factor, a lack of apparent prejudice to the government, will not support by itself a relaxation of strict compliance. *United States v. Property Identified as $88,260*, 925 F.Supp. 838, 842 n. 15 (D.D.C.1996) (permitting "a late filing whenever the government would not be prejudiced would subvert the strict time limits established by Supplemental Rule [G(5)] and encourage claimants to litigate every untimely filing in a forfeiture case"). *See also United States v. One 2005 Rolls Royce Phantom*, No. 07-2870, 2008 WL 109114 (N.D. Ill. Jan. 8, 2008) (granting relief to claimant even though "[a]dmittedly, [its] reasons for its late filing are feeble").

In the present case, the court finds good cause for relaxation of the general requirement of strict compliance. Here the delay was minimal, the government has neither shown prejudice nor

---

[1]For other cases discussing factors relevant to enforcement or relaxation of the statutory standard, *see also United States v. Thirty-Five Firearms*, 123 Fed. Appx. 204, 206-07 (6th Cir. Feb.15, 2005) (noting factors relevant to enforcement of the statutory standard); *United States v. $86,496.00 in U.S. Currency*, No. 07-1693, 2008 WL 2039355, at *4 (D. Ariz. May 12, 2008); *United States v. Real Property Commonly Known as 901 California Street, N.W., Grand*, No. 07-358, 2007 WL 3124646 (W.D. Mich. Oct. 25, 2007); *United States v. One Hundred Sixty-Four Thousand One Hundred Dollars in U.S. Currency*, No. 07-80273, 2007 WL 3171371 S.D.Fla. Oct. 25, 2007).

responded to Ferguson's motion, Ferguson is *pro se* and has demonstrated sufficient reason for the delay involved in the case.

IT IS ACCORDINGLY ORDERED this 21st day of December 2009, that the government's Motion to Strike (Dkt. 9) is denied; the claimant's Motion to Accept (Dkt. 10) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE