**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **ONE PARCEL OF PROPERTY** ) <br> **LOCATED AT 201 N. WILSON,** ) <br> **OBERLIN, KANSAS, aka: LOT SIX (6),** ) <br> **BLOCK SEVEN (7), SAPPA ADDITION** ) <br> **TO THE CITY OF OBERLIN, DECATUR** ) <br> **COUNTY, KANSAS, with all** ) <br> **appurtenances, improvements and** ) <br> **attachments thereon,** ) <br> ) <br> **Defendant.** ) <br> ) | Case No. 09-1151-JTM |

## **MEMORANDUM AND ORDER**

This forfeiture action is before the court on claimant Darrel L. Ferguson's motion for the "authorization" of counsel pursuant to 18 U.S.C. § 983(b)(1)(A).[1] Doc. 21. As explained in greater detail below, the motion shall be DENIED.

### **Background**

On May 14, 2009, the United States filed a complaint seeking the forfeiture of

---

[1] Section 983(b)(1)(A) speaks in terms of "authorization" rather than "appointment." For editorial consistency, the court utilizes the language of the statute.

property commonly referred to as 201 N. Wilson, Oberlin, Kansas based on allegations that the property was "used, or intended to be used, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 841 et seq. [distribution or possession with intent to distribute controlled substances] that is punishable by more than one year's imprisonment." Complaint, Doc. 1. The forfeiture complaint was supported by an affidavit describing (1) the purchase of one gram of methamphetamine by an undercover agent from Mr. Ferguson at the Oberlin address and (2) drug use and distribution evidence recovered during the execution of a search warrant at 201 N. Wilson. Mr. Ferguson, the owner of the residence, pled guilty to one count of possession with intent to distribute 120 grams of a substance containing methamphetamine and is currently serving a 150 month sentence. Mr. Ferguson opposes the forfeiture action.

### Motion for the Authorization of Counsel

As noted above, Mr. Ferguson moves for the authorization of counsel to represent his interests in this case pursuant to 18 U.S.C. § 983(b)(1)(A) which provides:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person *is represented* by counsel appointed under section 3006A of this title in connection with a related criminal case, the court *may* authorize counsel to represent that person with respect to the claim.

-2-

(Emphasis added).[2]  The problem with Mr. Ferguson's motion is two-fold.  First, although counsel was previously appointed to represent him in the related criminal case, that representation has ended.[3]  The language in Section 983(b)(1)(A) provides authority for extending the criminal appointment to assist in the forfeiture case only when the person "is represented."

Equally important, section 983(b)(1)(A) does not ***require*** the "authorization" of counsel but rather grants the court discretion to authorize counsel ("the court ***may*** authorize").  In evaluating whether to authorize counsel to represent claimant, the court considers (1) claimant's ability to afford counsel, (2) claimant's diligence in searching for counsel, (3) the merits of claimant's defense to the forfeiture action, and (4) claimant's capacity to prepare and present the case without the aid of counsel.  See Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1420-21 (10th Cir. 1992).

After careful consideration, the court declines to authorize claimant's former criminal counsel to represent him in this case.  The court is satisfied that Mr. Ferguson is financially unable to afford counsel and is also unable to diligently search for counsel because he is currently in prison.  However, Mr. Ferguson pled guilty to "possessing with intent to

---

[2] Mr. Ferguson is adamant that his motion is based on section 983(b)(1)(A) rather than section 983(b)(2)(A) (representation where the real property is the claimant's "primary residence") as suggested by the United States.  Claimant's Reply, Doc. 23.

[3] An attorney from the federal public defender's office was appointed to represent Mr. Ferguson in his criminal case.  Judgment was entered in the district court case on May 14, 2009.  An appeal was filed with the Tenth Circuit and a mandate dismissing the appeal was filed February 4, 2010.

distribute" approximately 120 grams of a substance containing methamphetamine that was discovered at his 201 N. Wilson residence and his defense to the forfeiture action is not at all clear. More importantly, Mr. Ferguson's motion and reply brief are articulate and reflect an above average level of legal knowledge. Mr. Ferguson appears capable of presenting his defense to the forfeiture action without the aid of counsel and, under the circumstances, the court declines to "authorize" counsel.

**IT IS THEREFORE ORDERED** that claimant's motion to "authorize" counsel **(Doc. 21)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of May 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge